**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___Nov. 17, 2021___

-----------------------------------------------------------------------  x
ANTONIO RODRIGUEZ,  :
  :
                                        **Plaintiff,**  :
  :                     **1:19-CV-4342-ALC**
            **-against-**  :
  :                     <u>ORDER DENYING</u>
**3RD AVE 26 REST. CORP. & JOHN**  :  <u>SETTLEMENT APPROVAL</u>
**KAPETANOS,**  :
  :
                                        **Defendants.**  :
  :
-----------------------------------------------------------------------  x

**ANDREW L. CARTER, JR., District Judge:**

On May 26, 2021, the parties jointly submitted a proposed settlement agreement and

fairness letter pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015),

seeking judicial approval of the settlement agreement. ECF No. 37, 37-1. Upon careful

consideration, the parties' request for approval is **DENIED.**

Plaintiff Antonio Rodriguez ("Plaintiff" or "Rodriguez"), a resident of Queens County in

New York, brings claims against Defendants 3rd Ave 26 Rest. Corp. d/b/a/ The Sunflower Diner

("Sunflower") and John Kapetanos ("Kapetanos") (collectively, "Defendants")[1] under the Fair

Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and New York Labor Law (NYLL), N.Y.

Lab. L. § 650 *et seq.*, alleging unpaid overtime wages, minimum wages, and spread of hours pay.

Rodriguez worked for Defendants as a Server and/or Bus Boy from about March 1999 through

May 20, 2018. Compl. ¶ 13. He alleges that he worked approximately 60 hours or more per

week—"ten (10) hours a day for each shift, six (6) days a week"—during that period. *Id.* ¶ 15,

---

[1] On March 24, 2020, Magistrate Judge Gabriel Gorenstein granted Plaintiff's motion to amend/correct the original complaint which named the wrong corporate defendant and misnamed the individual defendant. ECF No. 21. Plaintiff filed the First Amended Complaint joining 3rd Ave 26 Rest. Corp., in lieu of Sunflower Coffee Shop Inc., and amending the caption to correctly name "John Kapetanos," instead of "John Capitano," on March 30, 2020. ECF No. 22.

16. He also claims that Defendants paid him a flat $300 a week for all hours worked from March 1999 through about 2016 and $350 a week for all hours worked from about 2016 through May 20, 2018. *Id.* ¶ 17, 18. Rodriguez further alleges that Defendants failed to pay him wages or provide him wage statements to which he was entitled. *Id.* ¶ 20–24, 25.

The fairness letter accompanying the proposed settlement agreement articulates, *inter alia*, that the parties maintain *bona fide* disputes about (1) the number of hours that Plaintiff worked as "[n]either party produced contemporaneous time records for Plaintiff's work for Defendants," (2) whether Kapetanos can be held individually liable as Plaintiff's employer; (3) Defendant 3rd Ave 26 Rest. Corp.'s ability to pay a collectable judgment, and (4) whether Defendants' alleged misconduct was willful. *Id.* at 2. The settlement agreement contains a general release and sets forth a gross settlement sum of $7,000, inclusive of attorneys' fees and costs. ECF No. 37-1 at 1. Plaintiff would receive $4,000, and his counsel, Levine & Blit, PLLC, would receive $3,000. ECF No. 37-1 at 1. The settlement agreement does not appear to place any confidentiality or similar kinds of restrictions on Plaintiff. ECF No. 37-1.

Courts in the Second Circuit look to the totality of the circumstances, including the non-exhaustive *Wolinsky* factors, when determining whether to approve a proposed FLSA settlement as fair and reasonable. *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012). Those factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.*

In its current form, the proposed settlement lacks the necessary information to properly evaluate the settlement amount. "Examination of whether a proposed FLSA settlement is fair and reasonable . . . is an information intensive undertaking." *Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 176 (S.D.N.Y. 2015). "At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* Here, the parties have failed to provide requisite information on "the bases of estimates of plaintiffs' maximum possible recovery." The proposed settlement contains no estimate of Plaintiff's maximum possible recovery from either party, and such information is pertinent to the Court in determining whether the settlement amount is fair and reasonable. *See, e.g.*, *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *3 (S.D.N.Y. Oct. 5, 2020); *Douglas v. Allied Universal Sec. Servs.*, 371 F. Supp. 3d 78, 83–84 (E.D.N.Y.), *reconsideration denied,* 381 F. Supp. 3d 239 (E.D.N.Y. 2019). As an additional example, Defendants have failed to provide any estimate of Plaintiff's hours worked and applicable wage(s). "Where the parties have disputed the computation of wages owed, they must *each* provide an 'estimate of the number of hours worked and the applicable wage.'" *Lodescar v. Denihan Hosp. Grp.*, No. 14-CV-8218 (ALC), 2017 WL 11568373, at *1 (S.D.N.Y. Feb. 16, 2017) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). On this deficient record, the Court is unable to approve the settlement amount as fair and reasonable. *Beckert v. Rubinov*, No. 15-CV-1951 (PAE), 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015).

In light of these concerns, the Court is not prepared to approve the settlement at this time. The parties are hereby **ORDERED** to submit a revised settlement agreement no later than **December 6, 2021**, to include: (1) information that explains the maximum amount that Plaintiff could recover at trial if he prevailed and (2) any additional information establishing that the proposed settlement sum is fair and reasonable.

**SO ORDERED.**

**Dated**:   November 17, 2021
              New York, New York

_____
The Hon. Andrew L. Carter, Jr.
United States District Judge